IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**CHRISTOPHER MANNING**                                                    **PLAINTIFF**

vs.                                    No. 1:21-cv-01045-SOH

**HYDROSTATIC OIL TOOLS, INC., DEVIN**                          **DEFENDANTS**
**DEW, RANDY PHARR and BILLY PHARR**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Christopher Manning ("Plaintiff"), by and through his attorneys Colby Qualls and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendant Hydrostatic Oil Tools, Inc., Devin Dew, Randy Pharr and Billy Pharr (collectively "Defendant" or "Defendants"), he states and alleges as follows:

### I.  PRELIMINARY STATEMENTS

1.      This is an action brought by Plaintiff against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. (the "AMWA").

2.      Plaintiff seeks declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs; and a reasonable attorney's fee, as a result of Defendants' failure to pay Plaintiff proper overtime compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

3.      Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      This Complaint also alleges AMWA violations, which arise out of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.      Defendants own and operate an oilfield equipment supply company within the El Dorado Division of the Western District. Therefore, venue is proper.

## III.      THE PARTIES

7.      Plaintiff is an individual and resident and domiciliary of Columbia County.

8.      Defendant Hydrostatic Oil Tools, Inc. ("Hydrostatic"), is a domestic, for-profit corporation.

9.      Hydrostatic can be served through its registered agent Billy W. Pharr, 1605 Commerce Street, Post Office Box 2, Magnolia, Arkansas 71754.

10.      Defendant Devin Dew is an individual and resident of Arkansas.

11.      Defendant Randy Pharr is an individual and resident of Arkansas.

12.      Defendant Billy Pharr is an individual and resident of Arkansas.

## IV.   FACTUAL ALLEGATIONS

13.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

14.     Defendants Randy Pharr, Billy Pharr and Devin Dew were or are officers and shareholders of Hydrostatic during the relevant time period and had operational control over Hydrostatic.

15.     Defendants Randy Pharr, Billy Pharr and Devin Dew have operated as employers alongside Defendant Hydrostatic and each managed and controlled the day-to-day operations of Hydrostatic and had the power to supervise, hire and fire, establish wages and wage policies, and set schedules through unified management.

16.     Defendants acted jointly as "employers" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, Plaintiff's employers.

17.     Defendants are and have been engaged in interstate commerce as that term is defined under the FLSA, and have during each of the three years preceding the filing of the Complaint had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

18.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of the Complaint.

19.     Defendant provides products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business.

20.     Plaintiff was employed by Defendant from approximately 2016 through

March of 2020, and then from August of 2020 through October of 2020, and then from approximately August of 2021 to present.

21.    For most of Plaintiff's tenure, he was a salaried employee, but beginning around October of 2020, he was paid an hourly rate of $15.00 rather than being paid a salary.

22.    Specifically, Plaintiff worked for Defendant as a Floor Hand from approximately 2016 through late 2019, and then as an Operator starting around late 2019.

23.    At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

24.    Plaintiff's primary duties as a Floor Hand and Operator was manual labor, including traveling to different well sites and testing the well pipes for pressure and leaking, among other things.

25.    In performing his duties for Defendants, Plaintiff was not required to utilize any professional education relevant to his job duties.

26.    Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

27.    Plaintiff did not have the authority to hire or fire any other employee, nor were his recommendations as to hiring or firing given any particular weight.

28.    Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

29.    Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control of the business.

30.     Similarly, Plaintiff did not have any responsibility for planning or controlling budgets.

31.     In carrying out his duties, Plaintiff did not exercise discretion or judgment as to matters of significance.

32.     Plaintiff was a classic blue-collar worker, sometimes spending physical, demanding, long shifts outdoors in the elements, and not in an office.

33.     Plaintiff benefited from participation in a plan by which he was eligible for and did in fact receive non-discretionary bonuses in addition to his salary.

34.     Plaintiff and Defendants had no agreement that his salary would be the entirety of his pay, nor did they agree that his salary was intended to cover all hours worked.

35.     Plaintiff, for most of his tenure, was paid a salary by Defendants regardless of how many hours he worked.

36.     Plaintiff did not receive overtime premiums for hours worked in excess of 40 in a workweek.

37.     Plaintiff routinely was scheduled to work and did work more than 40 hours in a single workweek.

38.     Plaintiff has not received overtime compensation for all hours worked during weeks in which he worked more than 40 hours.

39.     Plaintiff regularly received nondiscretionary bonuses.

40.     Plaintiff was entitled to 1.5x his regular rate of pay for all hours worked in excess of 40 in a week.

41.     Defendants knew or showed reckless disregard for whether the way they

paid Plaintiff violated the FLSA.

## V.    FIRST CLAIM FOR RELIEF: VIOLATION OF THE FLSA

42.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

43.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

44.    At all relevant times, Defendants have been, and continue to be, Plaintiff's "employer" within the meaning of the FLSA.

45.    At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA.

46.    29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees 1.5x regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

47.    Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

48.    Section 778.208 of Title 29 of the CFR requires that non-discretionary bonuses, such as attendance-based incentives, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

49.    Defendants violated Section 778.208 of Title 29 of the CFR by not including non-discretionary bonuses into Plaintiff's regular rate for overtime pay.

50.    Defendants' conduct and practice, as described above, has been and is

willful, intentional, unreasonable, arbitrary and in bad faith.

51.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of the Complaint, plus periods of equitable tolling.

52.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     SECOND CLAIM FOR RELIEF: VIOLATION OF THE AMWA

53.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

55.     At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

56.     Ark. Code Ann. § 11-4-211 requires employers to pay all employees 1.5x their regular wages for all hours worked over forty (40) per week.

57.     Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff a lawful overtime premium.

58.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

59.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, and costs,

including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of the Complaint, plus periods of equitable tolling, pursuant to Ark. Code Ann. § 11-4-218.

60.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    EQUITABLE TOLLING

61.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

62.    The applicable statute of limitations for Plaintiff's FLSA cause of action should be tolled because strict application of the statute of limitations would be inequitable.

63.    On October 29, 2020, Plaintiff filed a Consent to Join in a related case seeking his unpaid wages under the FLSA and AMWA. *See Mosley v. Hydrostatic Oil Tools, Inc., et al.*, No. 1:20-cv-1040-SOH, Doc. No. 15 (W.D. Ark. Filed Oct. 29, 2020).

64.    On July 23, 2021, the Court in *Mosley* denied Plaintiff's Motion for Conditional Certification. Doc. No. 31 (W.D. Ark. Filed July 23, 2021).

65.    The statute of limitations should be tolled between the time Plaintiff filed a Consent to Join in *Mosley* and the time the Court in *Mosley* denied Plaintiff's Motion for Conditional Certification. *See Davenport v. Charter Communs., LLC*, No. 4:12-cv-7-AGF, 2017 U.S. Dist. LEXIS 31076, at *96-97 (E.D. Mo. Mar. 6, 2017).

## VIII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully prays for declaratory relief and damages as follows:

A.    That each Defendant be summoned to appear and answer herein;

B.    That each Defendant be required to account to Plaintiff for all of the hours worked by Plaintiff and all monies paid to him;

C.    A declaratory judgment that Defendants' practices alleged herein violate the FLSA, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

D.    A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

E.    Judgment for damages for all unpaid overtime compensation owed to Plaintiff under the FLSA and attendant regulations;

F.    Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

G.    Judgment for liquidated damages pursuant to the FLSA and attendant regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

H.    Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

I.    For a reasonable attorneys' fee, costs, and pre-judgment interest; and

J.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF CHRISTOPHER MANNING**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com